J-S28040-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY FELICIANO | : | |
| | : | |
| Appellant | : | No. 499 EDA 2024 |

Appeal from the PCRA Order Entered December 14, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004137-2011

BEFORE: STABILE, J., MURRAY, J., and LANE, J.

MEMORANDUM BY LANE, J.:                    **FILED OCTOBER 18, 2024**

Anthony Feliciano ("Feliciano") appeals *pro se* from the order dismissing his serial petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

In 2010, while engaged in a fistfight, Feliciano revealed a firearm and shot Terrence Hicks, Junior, numerous times, resulting in his death.  The Commonwealth charged Feliciano with first-degree murder and related offenses.  On April 2, 2013, Feliciano entered a negotiated guilty plea to third-degree murder and possession of an instrument of crime ("PIC").  That same day, the trial court sentenced Feliciano to the agreed-upon term of twenty to forty years' incarceration for third-degree murder.  Feliciano did not file a timely post-sentence motion or a direct appeal from his judgment of sentence.

_____

[1] *See* 42 Pa.C.S.A. §§ 9541-9546.

On November 4, 2013, while still represented by counsel, Feliciano filed a *pro se* motion to vacate his sentence, arguing that the trial court imposed an illegal sentence because the court did not cite the statute authorizing it to do so. **See** *Pro Se* Motion to Vacate for Lack of Statutory Authorization, 11/4/13, at 1. Feliciano's counsel thereafter motioned the court to withdraw from representation, explaining that: he believed Feliciano's *pro se* motion was meritless; he notified Feliciano of this opinion; and Feliciano requested him to withdraw so that Feliciano could seek new counsel to pursue the motion. The trial court thereafter granted counsel's motion to withdraw. Pertinently, we note the trial court did not rule on Feliciano's *pro se* motion, nor could it have, as the *pro se* motion was a legal nullity because Feliciano was represented by counsel at the time he filed it.[2]

In 2016, Feliciano filed a *pro se* PCRA petition, his first, raising the same issue he presented in his November 2013 *pro se* motion to vacate his sentence. The PCRA court appointed counsel, who subsequently filed a motion to withdraw from representation and a "no-merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss without an evidentiary

---

[2] **See Commonwealth v. Jette**, 23 A.3d 1032, 1035 (Pa. 2011) (affirming that there is no right to hybrid representation either at trial or on appeal); **see also Commonwealth v. Nischan**, 928 A.2d 349, 355 (Pa. Super. 2007) (holding that appellant's *pro se* motion was a nullity having no legal effect because he was represented by counsel at the time of filing).

hearing, and in 2017 dismissed the petition and granted counsel's request to withdraw. Feliciano did not file a notice of appeal.

In 2019, Feliciano filed a *pro se* petition for writ of *habeas corpus*, which the PCRA court treated as a second PCRA petition. The PCRA court issued a Rule 907 notice of its intent to dismiss without an evidentiary hearing, and thereafter dismissed Feliciano's petition as untimely filed. This Court affirmed the PCRA court's dismissal order. **See Commonwealth v. Feliciano**, 237 A.3d 1032 (Pa. Super. 2020) (unpublished memorandum). Feliciano did not petition the Pennsylvania Supreme Court for further review.

In 2021, Feliciano filed a petition to restore his post-sentence rights *nunc pro tunc*. Upon review, the trial court denied relief, determining that Feliciano's petition did not present a cognizable issue pursuant to the PCRA and that, instead, it was an untimely post-sentence motion. Feliciano filed a notice of appeal. This Court similarly determined that the motion was an untimely post-sentence motion, and quashed Feliciano's appeal as untimely filed. **See Commonwealth v. Feliciano**, 276 A.3d 248 (Pa. Super. 2022) (unpublished memorandum). Feliciano did not seek further review.

In 2022, Feliciano filed another *pro se* petition for writ of *habeas corpus* relief, which the PCRA court treated as a third PCRA petition. The PCRA court issued a Rule 907 notice of its intent to dismiss without an evidentiary hearing, and thereafter dismissed the petition. Feliciano filed a notice of appeal, and this Court affirmed the dismissal order. **See Commonwealth v. Feliciano**,

301 A.3d 867 (Pa. Super. 2023) (unpublished memorandum). Feliciano did not seek further review.

On September 18, 2023, Feliciano filed the instant *pro se* PCRA petition, his fourth, wherein he acknowledged its facially untimely filing. However, Feliciano alleged, *inter alia*, that he met the government interference timeliness exception.[3] Specifically, he argued that: (1) trial counsel did not advise him of his post-sentence rights nor file a direct appeal from his properly filed November 2013 *pro se* motion to vacate his sentence; (2) government officials also did not take any action on this motion; and (3) such inaction was the result of a judicial breakdown. **See** PCRA Petition, 9/18/23, at 2-3. As such, he claims that the court failed to treat the November 2013 *pro se* motion as his first PCRA petition and appoint counsel to assist him upon his request. The PCRA court filed a Rule 907 notice of its intent to dismiss without an evidentiary hearing, and Feliciano did not file a response. On December 14, 2023, the PCRA court dismissed Feliciano's fourth petition, finding that it was untimely filed without meeting any exception to the PCRA's one-year time bar. Feliciano had thirty days from this order, until January 16, 2024, to timely file a notice of appeal.

Two days after this deadline, on January 18, 2024, Feliciano filed another *pro se* PCRA petition, requesting that the PCRA court reinstate his appellate rights *nunc pro tunc*. Within this petition, Feliciano argued that he

---

[3] Feliciano's petition also referenced the PCRA's newly-discovered evidence timeliness exception, but he did not include any argument as to how it applied.

did not receive the order dismissing his fourth petition until January 12, 2024, this was a result of government interference by the Pennsylvania Department of Corrections, and the Commonwealth would not be prejudiced by the reinstatement of these appellate rights. *See* Application to File Appeal *Nunc Pro Tunc*, 1/18/24, at unnumbered 1-2. The PCRA court treated his petition as a fifth PCRA petition and, on January 23, 2024, granted relief.[4] Accordingly, Feliciano filed a timely notice of appeal from his fourth petition, and both he and the PCRA court complied with Pa.R.A.P. 1925.

Feliciano raises the following issue for our review: "Whether the [PCRA] court erred and abused its discretion in dismissing [Feliciano's fourth PCRA] petition seeking relief in the interest of justice where insufficient reason[s] exist to support differential treatment among individuals?" Feliciano's Brief at 3 (unnecessary capitalization omitted).

Our standard of review of an order dismissing a PCRA petition is well-settled:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we

_____

[4] *See Commonwealth v. Bennett*, 930 A.2d 1264, 1274 (Pa. 2007) (holding that a request to reinstate PCRA appeal rights is a cognizable issue under the PCRA and thus is to be treated as a separate PCRA petition).

afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Prior to addressing the merits of Feliciano's sole issue, we must determine whether this Court has jurisdiction. Under the PCRA, any petition, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence becomes final. *See* 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of Pennsylvania, or the expiration of time for seeking such review. *See* 42 Pa.C.S.A. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *See Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

We reiterate that on April 2, 2013, Feliciano pleaded guilty to third-degree murder and PIC, and the trial court sentenced him that same day. Because Feliciano did not file a direct appeal, his judgment of sentence became final thirty days later, on May 2, 2013. *See* Pa.R.A.P. 903(a) (providing that a notice of appeal shall be filed within thirty days after the entry of the order from which the appeal is taken); *see also* 42 Pa.C.S.A. § 9545(b)(3). Accordingly, Feliciano generally had one year from that date, until May 2, 2014, to timely file a PCRA petition. *See* 42 Pa.C.S.A. §

9545(b)(1).  As the instant petition was filed on September 18, 2023, it is facially untimely.

Nevertheless, Pennsylvania courts may consider an untimely PCRA petition if the petitioner explicitly pleads and proves one of three exceptions set forth under section 9545(b)(1):

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).  Any petition attempting to invoke one of these exceptions "shall be filed within one year of the date the claim could have been presented."  42 Pa.C.S.A. § 9545(b)(2).  Our Supreme Court has emphasized that "it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Marshall*, 947 A.2d 714, 719 (Pa. 2008) (citation omitted).

The PCRA court determined that Feliciano's fourth PCRA petition was untimely and he failed to satisfy the governmental interference timeliness exception.  *See* PCRA Court Opinion, 12/14/23, at 5-6.  Specifically, the PCRA court determined that Feliciano did not establish that his failure to previously

raise the claim asserted in his fourth petition was the result of interference by government officials, noting that Feliciano had previously raised the claim in his first PCRA petition. **See id**. at 6. The PCRA court additionally determined that Feliciano's claims relating to trial counsel's ineffectiveness do not qualify as government interference since defense counsel are not government officials. **See id**. As a result, the PCRA court dismissed his petition.

After review, we determine the PCRA court's findings are supported by the record and free from legal error. **See Ford**, 44 A.3d at 1194. Notably, Feliciano does not dispute nor find error with the PCRA court's determination that his petition is untimely without meeting any exception to the PCRA's one-year time bar. Indeed, Feliciano concedes that he "did not plead any timeliness exception in his PCRA petition, . . . nor does he argue their applicability before [the Superior] Court." Feliciano's Brief at 11-12.[5] Thus, this Court finds no grounds to disturb the PCRA court's conclusion.[6]

---

[5] We note, however, that this statement is partially erroneous, as Feliciano did invoke the government interference exception in his underlying PCRA petition.

[6] Feliciano argues for the first time on appeal that the PCRA court should have treated his instant petition as an amendment to his November 2013 *pro se* motion to vacate his sentence, which he maintains constituted a timely first PCRA petition. **See** Feliciano's Brief at 12. In essence, he asserts that because the trial court never issued a ruling on the *pro se* motion, an amendment to this initial PCRA petition should be freely allowed to achieve substantial justice. **See id**. As Feliciano did not include this issue in his underlying PCRA petition, and instead raises it for the first time on appeal, he failed to preserve it for our review. **See** Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal). In any
*(Footnote Continued Next Page)*

Accordingly, we affirm the PCRA court's holding that Feliciano's PCRA petition is untimely without meeting any timeliness exception, and we conclude that neither the PCRA court nor this Court have jurisdiction to review the merits of his untimely petition. **See Commonwealth v. Cox**, 146 A.3d 221, 231 (Pa. 2016) (holding that where a petition is untimely and the petitioner has failed to satisfy an exception to the PCRA's time bar, "no court could have jurisdiction to reach the merits of the issue[s] . . . raised therein"). We thus affirm the order dismissing Feliciano's petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/18/2024

_____

event, even if he had preserved the issue, no relief would be due as the November 2013 *pro se* motion was a legal nullity.